IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

            Plaintiff,

v.                                       CASE NO. 16-3204-SAC-DJW

BARACK HUSSAIN OBAMA, et al.,

            Defendants.

## O R D E R

Plaintiff, while an inmate at the El Dorado Correctional Facility in El Dorado, Kansas (EDCF), filed this pro se civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff seeks injunctive relief and nominal damages based on conclusory and unintelligible claims that (a) defendant President Obama is an illegal alien and has evaded immigration laws "by fraud slave historical museum"; (b) defendants have acted together with fraud and malice and treated "negros" differently because of race; and (c) defendants are "deliberately indifferent to substantial risk that plaintiff's decedent, fraught with civil-war ideations, would get shot by race."

The fees for filing a civil rights complaint in federal court total $400.00. Plaintiff has submitted two Applications to Proceed without Prepayment of Fees (Docs. #3 and 5). Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

---

[1] Plaintiff also lists other provisions and statutes with no explanation or factual basis showing how they entitle him to relief. On April 17, 2017, plaintiff notified the court that he is now incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas.

1

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* Mr. Davis has long been designated a three-strikes litigant under Section 1915(g) and he has repeatedly been advised that absent a showing of imminent danger, he has lost the right to proceed in forma pauperis in federal court because of his repeated filing of frivolous lawsuits.[2] The court has examined the complaint and exhibits and plaintiff's motions and finds that Mr. Davis does not allege a single fact to show that he is in imminent danger of serious physical injury. Accordingly, the court denies plaintiff leave to proceed without prepayment of the full filing fee. Mr. Davis has had several cases dismissed after he failed to pay the $400.00 filing fee in full when given the opportunity. The court finds that giving plaintiff an opportunity to amend or pay the filing fee would be futile. The Court dismisses this action because Mr. Davis did not submit the $400.00 filing fee with his complaint and has made no effort to show that he qualifies for the only exception to the three-strikes bar.

Also pending before the court are plaintiff's Motion to Amend Complaint (Doc. #4), Motion to Appoint Counsel (Doc. #9), Motion for Default Judgment (Doc. #10), Motion for Intervention by the United States (Doc. #11), and Motion for Claim Relief (Doc. #12). Plaintiff's motions are denied.

Because plaintiff's proposed amended complaint also does not allege a single fact to show that he is in imminent danger of serious physical injury, the amendment is futile. No constitutional right to appointment of counsel exists in a civil action, and the court concludes that appointment of counsel is not warranted in this matter. Because plaintiff's complaint is

---

[2] *See Davis v. Bacon*, 234 Fed.Appx. 872, 2007 WL 1454437 *2 (10th Cir. 2007)(dismissing plaintiff's appeal as frivolous and finding plaintiff now has three qualifying strikes under 28 U.S.C. 1915(g)). *See also In re Anthony Leroy Davis*, 134 S. Ct. 188 (2013)(denying petitioner's motion for leave to proceed in forma pauperis, finding petitioner has repeatedly abused the court's process, and directing clerk not to accept further petitions in non-criminal matters unless accompanied by the required docketing fee).

subject to screening under 29 U.S.C. § 1915A, it has not yet been served upon defendants and the motion for default judgment is therefore premature. Finally, the motions for intervention and for claim relief are incomprehensible, and the court therefore denies them.

**IT IS THEREFORE ORDERED** that plaintiff's Motions for Leave to Proceed in forma pauperis (Docs. #3 and 5) are denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. #4) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. #9) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Default Judgement (Doc. #10) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Intervention (Doc. #11) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Claim Relief (Doc. #12) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2017, at Topeka, Kansas.

s/Sam A. Crow
**U.S. Senior District Judge**